*567 OPINION.
Milliken:
Petitioner’s contention that he and his wife owned in equal parts the property leased to the Gulf Refining Co., is not sustained by the record. All the lands included in the oil and gas lease, excepting that which the petitioner acquired from his wife in October, 1922, and that which he owned jointly with his wife, were purchased by him with his own funds and title taken in his own name. When boiled down, this contention of the petitioner is as stated by him in his testimony that he considered that his wife had a one-half interest in everything that he owned. Outside of this general claim, the record disclosed no fact which justifies this contention. It is not shown, that petitioner recognized this claim in his dealings with his wife. If the income or expenses were ever divided equally between petitioner and his wife, the record does not disclose such fact.
His next claim is that it was not intended when the deed to the 280 acres was executed in October, 1922, that he should be invested with the complete ownership of the property transferred to him by his wife. Petitioner stated at the hearing that the deed was executed in order that he might have complete control of the land for the purpose of leasing it. It appears, however, that no conveyance was made by petitioner’s wife to him of her one-half interest in the 160 acres which they owned jointly. On the other hand, Sula J. Burkett joined in the oil and gas lease, not only for the purpose of leasing her joint interest in the 160 acres owned jointly by her and petitioner, but also for the purpose of relinquishing her dower and homestead rights in the remainder of the property leased. The evidence in the record is not sufficient to show that the deed from Sula J. Burkett to the petitioner, conveyed any title other than that which it purported to convey. It conveyed a fee simple title. There is nothing in the record to show in what proportion the respondent taxed to the petitioner and his wife, the income derived from the oil and gas lease, and, therefore, we can not say that he erred. It is sufficient to hold that petitioner’s contentions that his wife was the owner of a one-half interest in the lands leased to the Gulf Refining Co. and that the deed from her to him, of October 20, 1922, did not vest in him the beneficial title to the 280 acres thereby covered, are not sustained by the evidence in the record.
The claim of petitioner that the oil and gas lease to the Gulf Refining Co. of Louisiana constituted a sale of capital assets, and, therefore, entitled him to the benefit of section 206 of the Revenue Act of 1921, must be denied under the authority of Henry L. Berg, 6 B. T. A. 1287.
*568 It may be pointed ont that petitioner acquired the 280 acres conveyed to him by his wife in October 1922*less than two years before the date of the oil and gas lease.

Judgment will be entered for the respondent.